1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

SAYED SADAT,

10

Plaintiff,

11

v.

12

GENERAL NUTRITION CORPORATION, a
Pennsylvania corporation; GNC HOLDINGS,
INC., a Delaware corporation; GNC
CORPORATION, a Delaware corporation;
GENERAL NUTRITION CENTERS, INC., a
Delaware corporation,

13

14

15

16

Defendants.

17

18

19

20

21

22

23

24

25

26

No.

COMPLAINT FOR DAMAGES

JURY TRIAL REQUESTED

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

## I.     NATURE OF THE ACTION

1.      This is an action for declaratory judgment, equitable relief, and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through 42 U.S.C. § 1981, *et seq*. ("Section 1981"); Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), *et seq*. ("Title VII"); and the Washington Law Against Discrimination, RCW 49.60, *et seq*. ("WLAD"). Plaintiff Sayed Sadat alleges he was discriminated against, harassed, and subjected to a hostile work environment because of his race, national origin, color and religion and was retaliated against for engaging in protected activity. Plaintiff seeks monetary and injunctive relief, including pecuniary and non-pecuniary damages, compensatory damages, and punitive damages to the fullest extent allowed by law.

## II.     JURISDICTION, VENUE AND PARTIES

2.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 since Plaintiff alleges claims that comprise a federal question.

3.      This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

4.      Venue of this Court is invoked under 28 U.S.C. § 1391.

5.      A substantial part of the events or omissions giving rise to Plaintiff's claim occurred within the jurisdiction of the Federal District Court for the Western District of Washington at Seattle.

6.      Plaintiff Sayed Sadat is a citizen of Washington State and a resident of King County, Washington.

7.      At all relevant times Defendant General Nutrition Corporation was a Pennsylvania Corporation that transacts business in the Western District of Washington, was an employer engaged in an industry affecting commerce, and had the requisite number of employees under the aforementioned statutes.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 1

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

8.      At all relevant times Defendant GNC Holdings, Inc. was a Delaware Corporation headquartered in Pennsylvania that transacts business in the Western District of Washington, was an employer engaged in an industry affecting commerce, and had the requisite number of employees under the aforementioned statutes.

9.      At all relevant times, Defendant GNC Corporation was a Delaware Corporation that transacts business in the Western District of Washington, was an employer engaged in an industry affecting commerce, and had the requisite number of employees under the aforementioned statutes.

10.      At all relevant times, Defendant General Nutrition Centers, Inc. was a Delaware Corporation that transacts business in the Western District of Washington, was an employer engaged in an industry affecting commerce, and had the requisite number of employees under the aforementioned statutes.

11.      At all relevant times, Defendants employed Plaintiff in the Western District of Washington.

12.      Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") and therefore has exhausted the administrative procedure set out in the relevant federal statutes.

13.      All jurisdictional prerequisites have been met.

### III.      STATEMENT OF CLAIMS

14.      The preceding paragraphs 1 through 13 are re-alleged and hereby incorporated by reference.

15.      Defendants engaged in unlawful employment practices against Plaintiff, while he was employed by Defendant, in violation of Section 1981, 42 U.S.C. §1981, *et seq*.; Title VII, 42 U.S.C. § 2000(e), *et seq*.; and the WLAD, RCW 49.60, *et seq*.

16.      Plaintiff began working for Defendants on or about March 20, 2003.

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 2

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

17.     Defendants harassed, discriminated against, and took adverse employment actions against Plaintiff, and Plaintiff was subjected to a hostile work environment.

18.     Plaintiff was subjected to discrimination, harassment and a hostile working environment based on his race and national origin (Afghani and Central Asia), color, and religion (Muslim) at the hands of Defendants' employees, including but not limited to managers and supervisors.

19.     Plaintiff was subjected to offensive comments based on his race and national origin.

20.     Plaintiff complained to Defendants about the harassment and discrimination he suffered, including but not limited to making complaints to Defendants' management and Human Resources department.

21.     Plaintiff suffered adverse actions on account of his race, national origin, color and religion and for complaining about discrimination and harassment, including but not limited to being transferred to another location and unlawfully terminated from his job on or about September 14, 2012.

22.     Defendants failed to act to eliminate the discrimination, harassment and retaliation against Plaintiff.

23.     The effect of the practices complained of in the above paragraphs has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, national origin, color, religion and opposition to Defendants' unlawful activities, including but not limited to terminating his employment.

24.     The unlawful employment practices complained of in the above paragraphs were intentional.

25.     The unlawful employment practices complained of in the above paragraphs were done with malice or with reckless indifference to Plaintiff's rights

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

as protected by federal and state laws.

26.     On information and belief, the unlawful employment practices complained of in the above paragraphs were instituted against other employees similarly situated with respect to Plaintiff based on their race, national origin, color and/or religion.

## IV.     RESERVATION OF RIGHTS

27.     Plaintiff reserves the right to add, revise, or withdraw any claims, or add additional parties during the course of the litigation as information is obtained through litigation.

## V.     PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in any other unlawful employment practices.

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendants to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses, in an amount to be determined at trial.

E.     Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the acts complained of in the above paragraphs,

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 4

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700

including without limitation emotional pain, suffering, and loss of enjoyment of life, in an amount to be determined at trial.

F.      Order Defendants to pay Plaintiff punitive damages for the conduct described in the above paragraphs, in amounts to be determined at trial, to the fullest extent allowed by law.

G.      Order Defendants to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including but not limited to attorney's fees.

H.      Award Plaintiff the costs of this action, including attorney's fees, expert fees, and all other costs to the fullest extent allowed by law.

I.      Award Plaintiff other damages including prejudgment interest and post-judgment interest.

J.      Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.

DATED this 9th day of July, 2013.

THE BLANKENSHIP LAW FIRM, P.S.

By: s/Scott C. G. Blankenship

By: s/Richard E. Goldsworthy
            Scott C. G. Blankenship, WSBA No. 21431
            Richard E. Goldsworthy, WSBA No. 40684
            The Blankenship Law Firm, P.S.
            1000 Second Avenue, Suite 3250
            Seattle, WA 98104
            Telephone: (206) 343-2700
            Fax: (206) 343-2704
            Email:   sblankenship@blankenshiplawfirm.com
                        rgoldsworthy@blankenshiplawfirm.com
        Attorneys for Plaintiff

PLAINTIFF'S COMPLAINT FOR DAMAGES
Page 5

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington  98104
(206) 343-2700